**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CCC INFORMATION SERVICES INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:18-cv-07246** |
| **v.** | ) | |
| | ) | **Hon. Robert W. Gettleman** |
| **TRACTABLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF VESTING OF
JURISDICTION IN THE UNITED STATES COURT OF APPEALS FOR THE
<u>SEVENTH CIRCUIT</u>**

Plaintiff CCC Information Services Inc. ("CCC") respectfully submits this Response to the

Notice of Vesting of Jurisdiction in the United States Court of Appeals for the Seventh Circuit

(Dkt. No. 50) filed by Defendant Tractable Inc. ("Tractable").  As discussed below, this Court can

and should declare Tractable's appeal to be frivolous and therefore proceed with the case.

In *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, the Seventh Circuit

explained in the context of an appeal under 9 U.S.C. § 16—like Tractable has filed here—that

"[e]ither the court of appeals or ***the district court may declare that the appeal is frivolous, and if***

***it is the district court may carry on with the case***."  128 F.3d 504, 506 (7th Cir. 1997) (emphasis

added).  "An appeal is frivolous when the result is obvious or when the appellant's argument is

wholly without merit." *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1075 (7th Cir. 1989) (citation

and internal quotation marks omitted), *superseded by statute on other grounds as stated in Green*

*v. Hendricks*, No. 92 C 6965, 1994 WL 85976, at *2-3 (N.D. Ill. Mar. 14, 1994).

Here, Tractable's appeal is frivolous and its Notice makes no attempt to demonstrate

otherwise.  As explained in this Court's Opinion and Order, there is no merit to any of Tractable's

1

arguments that Tractable is a party to the license agreement between CCC and JA Appraisal, JA Appraisal is Tractable's agent, and CCC is equitably estopped from refusing to arbitrate. Dkt. No. 43 at 4. Rather, "Tractable's name is nowhere in the agreement." *Id.* at 5. The agreement includes a non-assignment clause under which the CUSTOMER—whether JA Appraisal or Jason Chen, but not Tractable—represents that "it is acting on its own behalf and is not acting as an agent for or on behalf of any third party, and further agrees that it may not assign its rights or obligations under this Agreement without the prior written consent of CCC." *Id.* at 3. And "[t]o reward Tractable's deceit by compelling arbitration would make equity a farce." *Id.* at 6. After all, "as Tractable does not dispute, Tractable (1) used a false company to obtain a CCC ONE license; (2) had its employees conceal their identities through false telephone numbers and false IP addresses, and through email addresses with domain names that did not end in '@tractable.ai'; and (3) did all this to reverse-engineer plaintiff's proprietary algorithms for use in Tractable's artificial intelligence technology." *Id.*

This Court should proceed with the case pending appeal because Tractable's appeal is without merit. Tractable has not identified the grounds for its appeal, let alone shown that it is more than a frivolous attempt to delay justice.

Date: May 28, 2019        Respectfully submitted

 */s/ Adam M. Greenfield*
Adam M. Greenfield (ARDC No. 6292915)
adam.greenfield@lw.com
Jason Burt (*pro hac vice*)
jason.burt@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2200; F: (202) 637-2201

Mark S. Mester (ARDC No. 6196140)
mark.mester@lw.com
Kathleen P. Lally (ARDC No. 6284954)
kathleen.lally@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
T: (312) 876-7700; F: (312) 993-9767

Stephen D. O'Donohue (*pro hac vice*)
stephen.odonohue@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022
T: (212) 906-1200; F: (212) 751-4864

3

## CERTIFICATE OF SERVICE

I, Adam M. Greenfield, hereby certify that on this 28th day of May 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all filing users.

*/s/ Adam M. Greenfield*
Adam M. Greenfield