**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CCC INTELLIGENT SOLUTIONS INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:18-cv-07246** |
| **v.** | ) | |
| | ) | **Hon. Robert W. Gettleman** |
| **TRACTABLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TRACTABLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Tractable did not misappropriate any of CCC's trade secret information. Tractable sought to determine whether it could use CCC ONE to help generate and transmit auto claims appraisals into the claims workflow of US auto insurers, similar to a third party auto appraiser. In the United States, these claims workflows are dominated by CCC. Tractable's conduct in attempting to develop a product that could be used by customers alongside CCC's intentionally closed system is not a violation of any law. CCC's anti-competitive and exclusionary conduct, however, does a disservice to the insurance industry and its customers.

Unless expressly admitted below, Tractable denies each and every allegation set forth in the Amended Complaint, including, without limitation, any allegations set forth in the headings, subheadings, and Prayer for Relief. As set out in its specific denials below, for example, Tractable denies that it misappropriated any alleged confidential or trade secret information or caused CCC any damages. Moreover, there is nothing Tractable had access to through CCC ONE that is a trade secret. Frustrated with the manner in which Tractable obtained a license to use CCC ONE, CCC has retaliated based on nothing more than "information and belief" that Tractable "performed structured tests of CCC ONE in an attempt to replicate its algorithms and mimic its software logic and/or

1

database." CCC lacks any factual basis for those allegations. At most, CCC alleges that Tractable used CCC ONE to create partial estimates that were not transmitted to an insurance company through the CCC ONE platform (as the platform would not allow partial estimates to be transmitted). But CCC does not allege any conduct causing any harm to CCC or facts to support CCC's conclusion that Tractable misappropriated any alleged trade secret information.

Pursuant to Rule 8, allegations in the Amended Complaint to which no responsive pleading is required, including legal arguments and legal conclusions, shall be deemed as denied. Tractable expressly reserves the right to seek to amend and/or supplement its Answer and Affirmative Defenses as may be necessary, including the right to assert and rely upon any additional defenses as may be discovered. Incorporating the foregoing, Tractable answers the Amended Complaint's separately numbered paragraphs as follows:

1.      Tractable admits that it obtained a software license to access CCC ONE under the name JA Appraisal that CCC regularly makes available to thousands of independent appraisers across the nation (apparently with no investigation into their identity). Tractable further admits that CCC has filed the current action purporting to seek "redress" from Tractable. Tractable denies the remaining allegations in Paragraph 1, including that CCC's claims have any merit or that CCC is entitled to any relief. Specifically, Tractable denies that it obtained a license to "analyze and probe" CCC ONE, that it engaged in any fraud in connection with the license, or that it misappropriated any of CCC's proprietary or confidential information.

2.      Tractable admits the allegations in the first sentence of Paragraph 2, and that the CCC ONE platform allows users to generate and communicate vehicle damage estimates. Tractable further admits, on information and belief, that the CCC ONE platform contains a database of information CCC obtained through a license to use the Hearst Motor Database—which contains certain information regarding part prices for replaced parts, labor times for removal and replacement of

2

damaged parts, and refinish times (the time to paint an entire replaced or repaired part)—that is made available to licensees of the CCC ONE platform. On information and belief, for at least the period that Tractable had access to CCC ONE, the contents of the Hearst Motor Database were available for purchase in book and electronic form by the public without any obligation of confidentiality. Tractable lacks sufficient knowledge or information about CCC's business or its alleged confidential database to admit or deny the remaining allegations in Paragraph 2 and therefore denies them.

3.      Tractable admits that an insurance company may utilize an independent appraiser to assist it with vehicle damage estimates, and that CCC offers licenses to thousands of independent appraisers. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3 and therefore denies them.

4.      The allegations in Paragraph 4 purport to describe CCC's independent appraiser licenses, which are documents that speak for themselves. Tractable refers to the independent appraiser license for its true and complete contents. To the extent any allegations in Paragraph 4 are inconsistent with the terms of CCC's independent appraiser license, those allegations are denied.

5.      Tractable admits that on August 23, 2017, Xing Xin—under the name "Jason Chen"— sought and obtained an independent appraiser license from CCC to use CCC ONE. Mr. Xin informed CCC that "Jason Chen" was not his real name and obtained the license for "JA Appraisal," which at the time was not a registered d/b/a for Tractable but was a name under which Tractable intended to potentially do appraisal-related work. Tractable admits it is a technology company that, among other things, uses artificial intelligence to produce repair estimates based on images of vehicle damage. Tractable denies any remaining allegations in Paragraph 5.

6.      Tractable admits that it identified itself using the unregistered d/b/a "JA Appraisal" when obtaining the license; Tractable denies that it made any representation as to the "existence" of JA Appraisal as an incorporated or registered "entity" under any state law. To the contrary, Xing Xin

explained he was not using his legal name when obtaining the license and CCC did not further inquire as to the identity or affiliation of Jason Chen or JA Appraisal. Tractable denies the remaining allegations in Paragraph 6, including that it employed a litany of deceptive or clandestine tactics to gain or keep access to CCC ONE.

7.      Tractable denies the allegation in Paragraph 7, as stated.

8.      Tractable admits it had access to CCC ONE for approximately 14 months through a license agreement with CCC. Tractable denies that it committed fraud in connection with its license to use CCC ONE.  Tractable admits that it used its access to CCC ONE to prepopulate estimates with certain human judgment decisions, but denies the remaining allegations in Paragraph 8. Tractable denies that it used any proprietary information to develop any of Tractable's award-winning unique AI-based technology.

9.      Tractable admits that CCC purports to seek damages and other relief through this action, but Tractable denies that CCC's claims have any merit, that Tractable damaged CCC, or that CCC is entitled to recover any form of relief. Tractable denies any remaining allegations in Paragraph 9, including the allegation that Tractable committed fraud.

## JURISDICTION AND VENUE

10.      Tractable denies that CCC's claims have any merit but does not dispute that this Court has subject matter jurisdiction.

11.      Tractable denies that CCC's claims have any merit but does not dispute that this Court has personal jurisdiction over it for purposes of this action only.  Tractable denies the remaining allegations in Paragraph 11.

12.      Tractable denies that CCC's claims have any merit or that Tractable has caused CCC any damages but does not dispute that venue is proper in this district for purposes of this action only. Tractable denies any remaining allegations in Paragraph 12.

4

**PARTIES**

13.     Tractable admits Paragraph 13 on information and belief.

14.     Tractable Inc. admits that it is a Delaware corporation with a registered office in California.  Tractable Inc. otherwise denies the allegations in Paragraph 14; Tractable Inc.'s principal place of business is New York, NY.

**GENERAL ALLEGATIONS**

15.     Tractable admits that CCC offers technologies and apps for the automotive, insurance and collision repair industries through the CCC ONE Platform.  Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15 and therefore denies them.

16.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and therefore denies them.

17.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and therefore denies them.

18.     Tractable admits that CCC has a license from Hearst Publications to use the Hearst Motor Database—which contains certain information regarding part prices for replaced parts, labor times for removal and replacement of parts, and refinish times (the time to paint an entire replaced or repaired part).  On information and belief, Tractable denies the allegation that this data is "highly confidential" because the contents of the Hearst Motor Database, at least during the time period that Tractable had access to CCC ONE, were available for purchase in book and electronic form by the public without any obligation of confidentiality and it is made available through CCC ONE by license to thousands of independent appraisers. Tractable denies the allegation that CCC ONE's data and algorithms are "relevant here" because Tractable did not in any way interfere with, misuse, or misappropriate any data or algorithm associated with CCC ONE.  Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18 and

therefore denies them.

19.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and therefore denies them.

20.     The allegations in Paragraph 20 purport to describe CCC's independent appraiser licenses, which are documents that speak for themselves. Tractable refers to the independent appraiser licenses for their true and complete contents. To the extent any allegations in Paragraph 20 are inconsistent with the terms of CCC's independent appraiser licenses, those allegations are denied.

21.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and therefore denies them.

22.     Paragraph 22 contains only legal arguments and conclusions of law to which no response is required. To the extent a response is required, Tractable denies the allegations in Paragraph 22.

23.     On information and belief, Tractable admits that estimates communicated through the CCC ONE platform identify CCC and CCC ONE as the sources of at least some of the data contained in the estimates.

24.     Tractable denies the allegation in the first sentence of Paragraph 24 that CCC relies on a potential customer's identity and intended uses in deciding whether to provide CCC ONE to a potential customer. When informed that Jason Chen was not Xing Xin's legal name, CCC did not take any action to inquire as to his identity. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 and therefore denies them. Tractable further denies that it intended to use CCC ONE to capture any proprietary data, algorithms, or other information.

25.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and therefore denies them. Tractable denies any allegation that it caused CCC or its

network any harm.

26.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 and therefore denies them.

27.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and therefore denies them.

28.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 and therefore denies them.

29.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 and therefore denies them.

30.     Tractable admits that Xing Xin contacted CCC using the name Jason Chen on August 23, 2017, but denies that he "held himself out as" Jason Chen; Xing Xin informed CCC that Jason Chen was not his legal name. Tractable admits that Xing Xin interacted with CCC as a representative of JA Appraisal.  At the time, JA Appraisal was a name under which Tractable intended to potentially do appraisal-related work, and Xing Xin was involved in developing Tractable's business for that work.

31.     Tractable admits that Xing Xin did not expressly state at the time that he was affiliated with Tractable but denies the remaining allegations in Paragraph 31.

32.     Tractable admits that Tractable, doing business as JA Appraisal, obtained an independent appraiser license to use CCC ONE on or about August 23, 2017. The remaining allegations in Paragraph 32 purport to describe CCC's independent appraiser license, which is a document that speaks for itself. Tractable refers to the independent appraiser license for its true and complete contents. To the extent any allegations in Paragraph 32 are inconsistent with the terms of CCC's independent appraiser license, those allegations are denied.

33.     Tractable lacks sufficient knowledge or information to admit or deny the allegations

7

in Paragraph 33 and therefore denies them.

34.    Tractable states that it believed that it was authorized to use the CCC ONE platform and CCC ONE marks via JA Appraisal's license. Tractable accordingly denies the allegations in Paragraph 34.

35.    The allegations in Paragraph 35 purport to describe CCC's independent appraiser license, which is a document that speaks for itself. Tractable refers to the independent appraiser license for its true and complete contents. To the extent any allegations in Paragraph 35 are inconsistent with the terms of CCC's independent appraiser license, those allegations are denied.

36.    Tractable admits that additional users were added to Tractable's license on or about November 29, 2017, February 1, 2018, and March 13, 2018. The remaining allegations in Paragraph 36 purport to describe CCC's independent appraiser licenses, which are documents that speaks for themselves. Tractable refers to the independent appraiser licenses for their true and complete contents. To the extent any allegations in Paragraph 36 are inconsistent with the terms of CCC's independent appraiser licenses, those allegations are denied.

37.     Tractable admits that "JA Appraisal" was not registered as a doing-business-as name for Tractable. The remaining allegations in Paragraph 37, including that JA Appraisal was not "legitimate" and "never existed" are nonfactual legal arguments or conclusions of law to which no response is required. To the extent a response is required, Tractable denies the remaining allegations in Paragraph 37.

38.    Tractable admits that it has not registered "JA Appraisal" to do business in California or Delaware and did not mention "JA Appraisal" on its website.

39.    Tractable admits that Xing Xin did not expressly inform CCC that Tractable was doing business as JA Appraisal. Xing Xin did inform CCC that he was not using his legal name and CCC never inquired as to "Jason Chen's" identify or affiliation. Tractable lacks sufficient

knowledge or information to admit or deny the remaining allegations in Paragraph 39.

40.     Tractable denies the allegations in Paragraph 40, as stated.

41.     Tractable admits that Jason Chen's legal name is Xing Xin. Tractable denies the allegations in the second sentence of Paragraph 41.

42.     Tractable admits it is a technology company that, among other things, uses artificial intelligence to produce real-time cost estimates of accident repair based on pictures of vehicle damage, as described on its website.  Tractable Inc. is registered in California, but does not have any offices in London.  Tractable Inc.'s subsidiary, Tractable Ltd., has offices in London. Tractable lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 42, as stated.

43.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies them.

44.     Tractable believed it had a license to use CCC ONE under the "JA Appraisal" name and accordingly denies that it never obtained a license from CCC to use CCC ONE. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 44 and therefore denies them.

45.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 and therefore denies them.

46.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 and therefore denies them.

47.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47, as stated. Tractable admits that it input into CCC ONE certain human judgment decisions to prepopulate incomplete estimates that would be provided to an insurer as part of a proof of concept. The insurer, like most insurance companies in the United States, used CCC ONE.

Tractable also admits that the license agreement with CCC mandated that CCC's marks appear on estimates generated in CCC ONE and prohibited users from removing CCC's marks. The remaining allegations in Paragraph 47, including that "the use of marks" were "identical to CCC's protected trademarks," are nonfactual legal arguments or conclusions of law to which no response is required. To the extent a response is required, Tractable denies the remaining allegations in Paragraph 47.

48.     Tractable believed CCC authorized it to use CCC ONE through JA Appraisal and therefore denies the allegations in Paragraph 48.

49.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 and therefore denies them.

50.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50 and therefore denies them.

51.     Tractable admits that it did not have a license to use CCC ONE in its own name, but states that Tractable believed it had a license to use CCC ONE as "JA Appraisal." Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 and therefore denies them.

52.     Tractable denies the allegation that it committed fraud. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 regarding CCC's "database queries" and therefore denies them.

53.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 regarding what CCC alleges it "discovered" and therefore denies them. Tractable further states that it no longer has access to CCC ONE to admit or deny the allegations regarding what may exist in CCC's database.

54.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 regarding what CCC "further investigated" and therefore denies them.

55.     Tractable lacks sufficient knowledge or information to admit or deny what CCC may have concluded and therefore denies the allegations in Paragraph 55.

56.     Tractable lacks sufficient knowledge or information to admit or deny what CCC might have done and therefore denies the allegations in Paragraph 56.

57.     Tractable admits, on information and belief, that an estimate cannot be transmitted through CCC ONE to an insurer until the estimate is finalized and locked, and that an estimate that is not finalized and locked cannot be transmitted through CCC ONE to an insurer.  Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 57 regarding a "typical workflow" and therefore denies them.

58.     Tractable denies the allegation that it engaged in any "scheme." Tractable also denies the allegation that it did not use CCC ONE to generate estimates. Tractable used CCC ONE to generate partial estimates and did not remove references to CCC as the source of the estimate, which reference was placed there by the CCC ONE software and required by the independent appraiser license. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 58 and therefore denies them.

59.     Tractable no longer has access to the CCC ONE platform; Tractable accordingly lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 and therefore denies them.

60.     Tractable no longer has access to the CCC ONE platform; Tractable accordingly lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 and therefore denies them.

61.     Tractable no longer has access to the CCC ONE platform; Tractable accordingly lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 and therefore denies them.  Tractable admits, on information and belief, that the workfiles were not

11

finalized, locked and transmitted through CCC ONE.

62.     Tractable no longer has access to the CCC ONE platform; Tractable accordingly lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 and therefore denies them.

63.     Tractable admits the allegations in the first sentence of Paragraph 63. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 and therefore denies them.

64.     Tractable no longer has access to the CCC ONE platform; Tractable accordingly lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 and therefore denies them.

65.     Tractable no longer has access to the CCC ONE platform. On information and belief, Tractable admits the allegations in Paragraph 65.

66.     Tractable denies the allegations in Paragraph 66.

67.     Tractable denies that any chat message or phone call "confirm[s]" that Tractable attempted to replicate CCC's algorithms or "mimic its software logic and/or database." The remaining allegations in Paragraph 67 purport to describe chat messages, which are documents that speak for themselves. Tractable refers to the chat messages for their true and complete contents. To the extent any allegations in Paragraph 67 are inconsistent with the chat messages, those allegations are denied.

68.     The allegations in Paragraph 68 purport to describe chat messages, which are documents that speak for themselves. Tractable refers to the chat messages for their true and complete contents. To the extent any allegations in Paragraph 68 are inconsistent with the chat messages, those allegations are denied.

69.     The allegations in Paragraph 69 purport to describe chat messages, which are

documents that speak for themselves. Tractable refers to the chat messages for their true and complete contents. To the extent any allegations in Paragraph 69 are inconsistent with the chat messages, those allegations are denied. Tractable denies that the employee inquired "about the inner workings of CCC ONE."

70.     Tractable admits that employees used jaappraisalco@gmail.com and maxgenie@live.co.uk email addresses, but denies the remainder of the allegations in Paragraph 70, as stated.

71.     Tractable admits that it used virtual machines to access CCC ONE, but denies that it did so to conceal its identity from CCC. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 71 and therefore denies them.

72.     Tractable denies the allegations in the first three sentences of Paragraph 72. Tractable admits that in October 2018, Tractable had a job posting for a Vehicle Damage Assessor/Estimator, requiring various skills and experiences including "Working experience of estimating platforms: Mitchell, CCC ONE, and/or Audatex," but denies that this implies that Tractable was attempting to decompose the CCC ONE Platform.

73.     Tractable denies the allegations in Paragraph 73.

74.     Tractable denies the allegations in Paragraph 74.

75.     Tractable lacks sufficient knowledge or information to admit or deny the other allegations in Paragraph 75 and therefore denies them.

76.     Tractable admits that CCC disabled the "JA Appraisal" accounts on or about October 26, 2018. Tractable denies the allegation that it misappropriated CCC's data, algorithms, or other information. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 76 regarding the reason CCC terminated the license and therefore denies them.

77.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 77 and therefore denies them. To the extent CCC has represented that Exhibit 1 to the Amended Complaint is a true and accurate transcription of a call that occurred on October 29, 2018, Tractable refers to the transcription for its true and complete contents. To the extent any allegations in Paragraph 77 are inconsistent with the transcription, those allegations are denied.

78.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 and therefore denies them.

79.     Tractable lacks sufficient knowledge or information to admit or deny the other allegations in Paragraph 77 and therefore denies them.

80.     Tractable admits the allegations in Paragraph 80 on information and belief.

81.     Tractable denies the allegations in Paragraph 81.

82.     Tractable lacks sufficient knowledge or information to admit or deny what "CCC did not know" and therefore denies the allegations in Paragraph 82.

83.      Tractable admits it gained access to CCC ONE under the name "JA Appraisal" and the customer type "independent appraiser."  Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 83 and therefore denies them.

84.     Tractable denies the allegations in Paragraph 84.

**COUNT ONE**

**Computer Fraud And Abuse Act, 18 U.S.C. § 1030, et seq.**

85.     Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if set forth fully herein.

86.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 86 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 86.

87.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated

January 25, 2023, therefore not response to Paragraph 87 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 87.

88.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 88 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 88.

89.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 89 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 89.

90.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 90 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 90.

91.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 91 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 91.

92.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 92 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 92.

93.     Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 93 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 93.

94.      Count I was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 94 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 94.

**COUNT TWO**

**Violation Of The Defend Trade Secrets Act Of 2016, 18 U.S.C. § 1836, et seq.**

95.     Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if set forth fully herein.

96.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 96 and therefore denies them.

97.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97 and therefore denies them.

98.     Paragraph 98 contains only conclusions of law to which no response is required.  To the extent a response is required, Tractable denies the allegations in Paragraph 98.

99.      Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 and therefore denies them.

100.    Tractable denies the allegations in Paragraph 100.

101.    Tractable denies the allegations in Paragraph 101.

102.    Tractable denies the allegations in Paragraph 102.

103.    Tractable denies the allegations in Paragraph 103.

104.    Tractable denies the allegations in Paragraph 104.

105.    Tractable denies the allegations in Paragraph 105. Tractable has not misappropriated any trade secrets.

106.    Tractable denies the allegations in Paragraph 106.

**COUNT THREE**

**Violation Of The Illinois Trade Secrets Act Of 2016, 765 ILCS 1065/2**

107.    Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if set forth fully herein.

108.    Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 and therefore denies them.

109.    Paragraph 109 contains only conclusions of law to which no response is required. To the extent a response is required, Tractable denies the allegations in Paragraph 109.

110.    Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 110 and therefore denies them.

111.    Tractable denies the allegations in Paragraph 100.

112.    Tractable denies the allegations in Paragraph 112.

113.    Tractable denies the allegations in Paragraph 113.

114.    Tractable denies the allegations in Paragraph 114.

115.    Tractable denies the allegations in Paragraph 115. Tractable never obtained any trade secrets from CCC.

116.    Tractable denies the allegations in Paragraph 116. Tractable has not misappropriated any trade secrets.

117.    Tractable denies the allegations in Paragraph 117.

**COUNT FOUR**

**Trademark Infringement In Violation Of The Lanham Act
15 U.S.C. § 1114**

118.    Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if set forth fully herein.

119.    Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and therefore denies them.

120.    Tractable admits that it "does not have" any current authorization, license, or permission from CCC with request to CCC Marks.

17

121.    The allegations in Paragraph 121 are nonfactual legal arguments or conclusions of law to which no response is required. To the extent a response is required, Tractable denies the allegations in Paragraph 121.

122.    Tractable admits that it created partial incomplete estimates using CCC ONE that, as generated by CCC ONE and required by the CCC license, identified CCC and CCC ONE. The remaining allegations in Paragraph 122 contain nonfactual legal arguments or conclusions of law to which no response is required. To the extent a response is required, Tractable denies the remaining allegations in Paragraph 122.

123.    Tractable admits that it created partial incomplete vehicle repair estimates using CCC ONE that, as required by the CCC license and as generated by the CCC ONE system, identified CCC and CCC ONE. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 123 and therefore denies them.

124.    Tractable admits that it created partial incomplete estimates using CCC ONE that, as generated by CCC ONE and required by the CCC license, identified CCC and CCC ONE. Tractable lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 124 and therefore denies them.

125.    Tractable lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 125 and therefore denies them.

126.    Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 and therefore denies them.

127.    Tractable denies the allegations in Paragraph 127.

128.    Tractable denies the allegations in Paragraph 128.

129.    Paragraph 129 contains only legal arguments and conclusions of law to which no

response is required. To the extent a response is required, Tractable denies the allegations in Paragraph 129.

130. Paragraph 130 contains only legal arguments and conclusions of law to which no response is required. To the extent a response is required, Tractable denies the allegations in Paragraph 130.

## COUNT FIVE

### False Designation Of Origin In Violation Of The Lanham Act
### 15 U.S.C. § 1125

131. Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if set forth fully herein.

132. Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 and therefore denies them.

133. Tractable denies the allegation that it intended to confuse, mislead, or deceive insurers, vehicle repair shops or others, or that Tractable made any misrepresentation regarding CCC's marks or its affiliation with CCC. The remaining allegations in Paragraph 133 are nonfactual legal arguments and conclusions of law to which no response is required. To the extent a response is required, Tractable denies the remaining allegations in Paragraph 133.

134. Tractable denies the allegations in Paragraph 134.

135. Tractable admits that it created partial incomplete estimates using CCC ONE that, as generated by CCC ONE and required by the CCC license, identified CCC and CCC ONE. The remaining allegations in Paragraph 135 contain nonfactual legal arguments or conclusions of law to which no response is required. To the extent a response is required, Tractable denies the remaining allegations in Paragraph 135.

136. Tractable admits that it created partial incomplete estimates using CCC ONE that, as

required by the CCC license, identified CCC and CCC ONE. Tractable lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 136 and therefore denies them.

137.     Tractable admits that it created partial incomplete estimates using CCC ONE that, as generated by CCC ONE and required by the CCC license, identified CCC and CCC ONE. Tractable lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 137 and therefore denies them.

138.     Tractable lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 138 and therefore denies them.

139.     Tractable lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 139 and therefore denies them.

140.     Tractable denies the allegations in Paragraph 140.

141.     Paragraph 141 contains only legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Tractable denies the allegations in Paragraph 141.

142.     Paragraph 142 contains only legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Tractable denies the allegations in Paragraph 142.

**COUNT SIX**

**Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510**

143.     Count VI was dismissed by the Court's Order on Tractable's Motion to Dismiss dated January 25, 2023, therefore not response to Paragraph 143 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 143.

144.     Count VI was dismissed by the Court's Order on Tractable's Motion to Dismiss

dated January 25, 2023, therefore not response to Paragraph 144 is required. To the extent a response is required, Tractable denies the allegations in Paragraph 144.

## COUNT SEVEN

### Common Law Fraud

145.     Tractable restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 84 as if fully stated herein.

146.     Tractable denies the allegations in Paragraph 146.

147.     Tractable denies the allegations in Paragraph 147.

148.     Tractable denies the allegations in Paragraph 148.

149.     Tractable denies the allegations in the first sentence of Paragraph 149. Tractable lacks sufficient knowledge or information as to what CCC did or does rely upon and therefore denies the allegations in the second sentence of Paragraph 149.

150.     Tractable denies the allegations in Paragraph 150.

### Answer to Prayer for Relief

Tractable denies that CCC is entitled to any relief, and requests that the Court dismiss all claims against Tractable with prejudice and order such further relief as the Court deems just and proper.

### Answer to Jury Demand

Tractable admits that CCC purports to demand a jury trial, while reserving all rights in connection therewith.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming the burden of proof where it otherwise rests with Plaintiff, Tractable pleads the following defenses:

**First Defense**

CCC's claims are barred, in whole or in part, by the doctrine of unclean hands. CCC has employed numerous anticompetitive and exclusionary tactics to maintain a dominant position in the American auto insurance market. CCC's actions include, among other things, exclusive dealing contracts with customers, forcing customers to boycott CCC's competitors, and closing its software platform to prevent new market entrants, like Tractable, from developing products or services that could be used by CCC's customers. CCC also improperly attempts to prevent its insurance company customers from sharing any information with Tractable, including information that is not proprietary to CCC, and is misusing its trademarks for anticompetitive purposes. The intent of CCC's conduct is to prevent Tractable from entering the American auto insurance market with its unique AI-based technology. It is CCC's anticompetitive conduct, unfair business practices, and exclusionary conduct practices that has caused any harm CCC claims to have suffered in this case. CCC has sought and continues to seek to prevent Tractable from working with customers who use CCC's products and is seeking to achieve that aim through claims that Tractable has misappropriated CCC's information and misused CCC's trademarks. But the conduct CCC challenges is because of CCC's own misconduct in the market and, in any event, does not arise to misappropriation of any alleged trade secret or misuse of CCC's trademarks, or fraud.

**Second Defense**

CCC's claims are barred, in whole or in part, because Tractable had an implied license. Tractable obtained the CCC ONE licenses using a d/b/a that, at the time, Tractable intended to use for appraisal-related business. Tractable did, in fact, have access to CCC ONE pursuant to the JA Appraisal licenses—*i.e.*, its access was no different than any other independent appraiser licensee.

**Third Defense**

CCC's claims are barred, in whole or in part, because CCC's alleged trade secrets do not

constitute a trade secret as defined by 18 U.S.C. § 1839(3) and/or 765 ILCS 1065/2(d). Tractable had access to CCC ONE through a license that CCC regularly grants to tens of thousands of appraisers. And the estimates generated by CCC are available to the many insurance companies and repair facilities that use CCC ONE. Additionally, the data that is provided by the CCC ONE system is included on estimates, which are provided to automobile owners and other third parties without any obligations of confidentiality. Further, the data that Tractable would have had access to through CCC ONE was generally available to the public with no obligation of confidentiality, such as through the publication of the Hearst Motor Crash Estimating Guides. The information to which Tractable had access to through the CCC ONE license is not a trade secret.

### Fourth Defense

CCC's alleged trade secrets do not qualify for trade secret protection because they are readily ascertainable by proper means and thus are not protectable as trade secrets.

### Fifth Defense

CCC cannot prevail against Tractable on its claims of misappropriation, in whole or in part, because Tractable independently developed its AI system. Tractable's unique AI-based technology was developed independent of Tractable's access to CCC ONE or any information it did, or even could have, accessed through its licenses to CCC ONE.

### Sixth Defense

CCC's claims are barred, in whole or in part, because CCC failed to mitigate its alleged damages.

### Seventh Defense

CCC cannot prevail against Tractable on its claims of misappropriation, in whole or in part, because CCC failed to take reasonable measures to guard the secrecy of its trade secrets.

### Eight Defense

CCC is not entitled to injunctive relief, because, at a minimum, it has no irreparable injury, it has an adequate remedy at law for Tractable's alleged infringement and/or misappropriation, the balance of hardships does not tip in its favor, and the public interest would be disserved by an injunction.

### Ninth Defense

CCC's claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

### Tenth Defense

CCC's request for punitive damages violates Tractable's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and the right to protection against excessive fines under the Eighth Amendment to the United States Constitution, and the analogous provisions contained in the Constitution of the State of Illinois.

### Eleventh Defense

CCC cannot recover punitive damages, treble damages, or attorney's fees because CCC is not entitled to any compensatory damages on any of his claims for relief.

### Twelfth Defense

Plaintiff fails to plead fraud with the required particularity.

### Thirteenth Defense

Tractable did not owe a duty to disclose to CCC.

### Fourteenth Defense

CCC's claims are barred, in whole or in part, by the doctrines of estoppel, acquiescence and/or waiver.

**Reservation of Rights**

Tractable reserves the right to assert additional defenses that it may become aware of through the course of discovery.

Respectfully submitted this 8th day of February, 2023.

*/s/ Lazar P. Raynal*
Lazar P. Raynal (Bar No. 6199215)
Michael A. Lombardo (Bar No. 6334886)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
lraynal@kslaw.com
mlombardo@kslaw.com

Julia C. Barrett (*pro hac vice*)
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 457-2000

*Counsel for Defendant Tractable, Inc.*
