IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CCC INTELLIGENT SOLUTIONS INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 1:18-cv-07246 |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| TRACTABLE INC., | ) | Hon. Susan E. Cox |
| | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Order (Dkt. 118), Plaintiff CCC Intelligent Solutions Inc. ("Plaintiff" or "CCC") and Defendant Tractable Inc. ("Defendant" or "Tractable") (collectively, the "Parties"), by their undersigned counsel, respectfully submit the following joint status report regarding the progress of fact discovery.[1]

### I.      CCC'S STATEMENT

#### A.      Discovery on Tractable

To date, CCC has served its First Set of Requests for Production and First Set of Interrogatories ("CCC's First Requests"), as well as its Second Set of Requests for Production and Second Set of Interrogatories ("CCC's Second Requests") (together, "CCC's Requests") on Tractable.  Tractable has served four productions in this case.  The Parties have resolved several outstanding issues addressed in the Parties' December 12, 2022 Joint Status Report (Dkt. 117).

However, several issues remain and certain new disputes have arisen.  For example, Tractable refuses to search for and produce documents regarding its products that review complete

---

[1] The Parties' August 30, 2022 Joint Status Report (Dkt. 93) provides additional detail regarding the claims and defenses in the Case.

1

collision estimates. Tractable's Auto Review Products are designed to apply what Tractable calls "artificial intelligence" ("AI") to images to provide insurers and other Tractable customers with a second-level review of vehicle repair estimates (including estimates generated by CCC ONE).[2] Tractable's attempt to exclude documents and information related to the Auto Review Products from discovery is improper because evidence Tractable produced suggests that Tractable relied on the data that it illicitly obtained from CCC ONE in the course of developing those products. The requested documents and communications regarding the Auto Review Products are relevant and proportional to the needs of the case, and Tractable has not articulated any burden that would outweigh their relevance. Instead, Tractable argues that because its Auto Review Products do not generate estimates, like CCC ONE does, it is irrelevant to the case. But that ignores the copious evidence that Tractable nevertheless used CCC ONE when developing its Auto Review Products. CCC is entitled to obtain discovery regarding how and to what extent Tractable used its illicit access to CCC ONE to facilitate its development of the Auto Review Products. The Parties appear to be at an impasse over this dispute among others, and CCC therefore expects to file a motion to compel shortly.

### B. Third Party Discovery

Since the Parties' last joint status report (Dkt. 117), non-party Xing Xin—a former Tractable employee who is represented by Tractable's undersigned counsel—produced a second set of documents (XIN00000039 – XIN00000181). CCC is reviewing Mr. Xin's productions, and will inform Mr. Xin's counsel of any deficiencies. CCC expects to depose Mr. Xin after Tractable completes its production of Mr. Xin's custodial documents.

### C. Responses to Tractable's Discovery on CCC

---

[2] https://tractable.ai/en/products/auto-reviewer

Tractable served CCC with its first set of requests for production on October 18, 2022, and to date CCC has produced four sets of documents and communications in response to those request (totaling 6795 pages).[3]  Among other things, CCC has followed an ESI search protocol that requires collecting and reviewing documents and communications dated from January 1, 2017 to the present from eight custodians that hit on agreed upon search terms, with two of the custodians being added at Tractable's request.  CCC will continue to update its ESI search protocol as discovery progresses and to meet and confer with Tractable regarding any issues that arise.

The parties also met and conferred regarding Tractable's first set of requests for production and interrogatories on January 4, 2023.  CCC is continuing to review several issues that were raised during that meet-and-confer call and will follow up with Tractable's counsel in due course.

## II.    TRACTABLE'S STATEMENT

### A.    CCC's Discovery on Tractable

Tractable has reviewed a substantial number of documents in response to CCC's voluminous requests, has produced 15,391 documents (15 times the number of documents CCC has produced), and continues to make rolling productions.  Throughout the discovery process, Tractable has acted in good faith in quickly addressing the myriad of discovery "disputes" CCC continually raises, including by agreeing to produce documents and/or source code related to both its Estimating and AI Review Products.  The Parties have accordingly resolved a number of discovery disputes and continue to meet and confer regarding others.

---

[3] Tractable takes issue with the difference between the relevant quantity of documents the parties 27,060 pages of documents that Tractable produced and the 6,795 pages of documents produced by CCC—a position that ignores the fact that the total number of discoverable documents and communications in Tractable's possession, custody, or control substantially exceeds the discoverable materials that CCC is bound to search for and produce.

With respect to the purported dispute regarding Tractable's AI Review product CCC identifies above, Tractable has repeatedly explained to CCC that Tractable's AI Review Product does not generate auto-repair estimates and there is indisputably nothing in CCC ONE that Tractable could have had access to under the JA Appraisal license that could have been used in Tractable's AI Review products—which perform a function that is entirely distinct from CCC ONE. Tractable disagrees with CCC's blatant mischaracterization of the documents Tractable has produced to-date, none of which show that Tractable's AI Review product was developed with any information Tractable obtained through its license to CCC ONE. Still, as a compromise and to avoid raising a dispute with the Court, Tractable agreed to provide the source code related to its AI Review Products showing any changes made to its AI Review Products from August 2017 through November 2018. CCC's representation to the contrary above is inaccurate. Tractable has also agreed to produce all documents related to Tractable's use of CCC ONE through the JA Appraisal licenses. Any alleged use of JA Appraisal's access to CCC ONE to develop Tractable's AI Review Product would therefore be fully captured by these documents. It is unclear what additional information CCC claims Tractable is refusing to provide. To the extent CCC is claiming that Tractable should be required to conduct a comprehensive search for all documents in any way related to AI Review, CCC's request is unduly burdensome and disproportionate to the needs of the case. The Parties continue to meet and confer on this issue (primarily so that Tractable can understand what it is CCC claims that it needs that Tractable has not already agreed to produce) and have not yet reached an impasse.

**B.      Tractable's Discovery on CCC**

CCC has only produced a total of 1,057 documents in response to Tractable's First Set of Requests for Production of Documents and First Set of Interrogatories (together, "Tractable's Requests"). The parties met and conferred regarding several deficiencies with respect to CCC's

4

responses to Tractable's Requests on January 4, 2023, and CCC's counsel stated it would follow-up with Tractable with respect to multiple issues discussed during the conference. Tractable emailed CCC on January 10, 2023, documenting the items CCC agreed to follow-up on, and again on January 24, 2023, asking CCC for an update. To date, CCC has failed entirely to respond to Tractable's correspondence. Tractable may accordingly need to bring a motion to compel further responses to Tractable's Requests, including with respect to CCC's deficient search protocol. Tractable may also need to raise CCC's lack of document production with the Court because it is likely to impair Tractable's ability to prepare for depositions unless CCC significantly increases the rate of its document production moving forward.

### C. Third Party Discovery

Tractable anticipates performing limited third-party discovery, which will consist of targeted requests for productions and depositions. Tractable anticipates completing third-party discovery prior to the current fact discovery deadline.

Dated: February 14, 2023                    Respectfully submitted,


/s/ Matthew W. Walch

Mark S. Mester (Bar No. 6196140)
Matthew W. Walch (Bar No. 6226308)
Kathryn A. Running (Bar No. 6330369)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
T: +1.312.876.7700; F: +1.312.993.9767
mark.mester@lw.com
matthew.walch@lw.com
kathryn.running@lw.com


Adam M. Greenfield (Bar No. 6292915)
Jason Burt (*pro hac vice*)
LATHAM & WATKINS LLP

/s/ Lazar P. Raynal (with permission)

Lazar P. Raynal (Bar No. 6199215)
Michael A. Lombardo (Bar No. 6334886)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
lraynal@kslaw.com
mlombardo@kslaw.com


Julia C. Barrett (*pro hac vice*)
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701

5

555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: +1.202.637-2200; F: +1.202.637.2201
adam.greenfield@lw.com
jason.burt@lw.com

Stephen D. O'Donohue (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10220
T: +1.212.906.1200; F: +1.212.751.4864
stephen.odonohue@lw.com

*Counsel for Plaintiff CCC Intelligent
Solutions Inc.*

Telephone: (512) 457-2000

*Counsel for Defendant Tractable, Inc.*

6

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew W. Walch, hereby certify that on February 14, 2023, I caused the foregoing to

be filed using the Court's electronic filing system which provides service to all counsel of record.


/s/ *Matthew W. Walch*
Matthew W. Walch
