# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CCC INTELLIGENT SOLUTIONS INC., ) | |
| ) | |
|     **Plaintiff,** ) | Case No. 1:18-cv-07246 |
|   v. ) | |
| ) | Hon. Robert W. Gettleman |
| TRACTABLE INC., ) | |
| ) | Hon. Susan E. Cox |
|     **Defendant.** ) | |

## CCC INTELLIGENT SOLUTIONS INC.'S UNOPPOSED MOTION
## FOR ISSUANCE OF LETTERS OF REQUEST

Pursuant to the Federal Rules of Civil Procedure 28(b), the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and 28 U.S.C. § 1781, Plaintiff CCC Intelligent Solutions Inc. ("CCC") moves this Court for the issuance of Letters of Request to compel Efe Surekli and Phil Mullan, former employees of Defendant Tractable Inc. ("Tractable") who reside in the United Kingdom, to appear for depositions in the United Kingdom. CCC respectfully requests that the Court sign the enclosed Letters of Request, so CCC may present them to the Foreign Process Section of the Royal Courts of Justice in the United Kingdom. The Letters of Request, a proposed order, and schedules describing the testimony sought, are attached. CCC's counsel met and conferred via teleconference with Tractable's counsel on April 5, 2023, to discuss this motion. At that conference, Tractable confirmed that it does not oppose this motion.

This Court may permit a "deposition [to] be taken in a foreign country . . . under an applicable treaty or convention [or] under a letter of request." Fed. R. Civ. P. 28(b). Likewise,

the Hague Convention allows U.S. litigants to obtain international judicial assistance to request discovery from individuals in foreign jurisdictions. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); *see also* Hague Convention, Mar. 18, 1970, 23 U.S.T. 2555 (codified at 28 U.S.C. § 1780). "The procedures include Letters Rogatory [also known as Letters of Request] issued by United States District Courts and submitted to the foreign judicial authority of other signatory nations." *Dyson, Inc. v. SharkNinja Operating LLC*, No. 14-CV-779, 2017 WL 446042, at *2 (N.D. Ill. Feb. 2, 2017). When reviewing a motion for Letters of Request, district courts must consider "issues of comity" through a review of the following factors:

> (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located.

*Dyson, Inc.*, 2017 WL 4456042, at *2.

The comity analysis under *Dyson* weighs in favor of issuing CCC's Letters of Request. *First*, the proposed deposition testimony is integral to fact development in this litigation. Mr. Surekli (a former software engineer at Tractable) and Mr. Mullan (Tractable's former Vice President of Engineering)[1] furthered Tractable's unauthorized access to CCC ONE and used that unauthorized access to develop Tractable's own repair-estimation products. Mr. Surekli and Mr. Mullan were heavily involved in the conduct at issue in this litigation, including but not limited to Tractable's passing itself off as an "independent appraiser" called "JA Appraisal" so as to gain

---

[1] *See* Phil Mullan, LinkedIn, https://uk.linkedin.com/in/philmullan (last visited Mar. 20, 2023); Efe Surekli, LinkedIn, https://uk.linkedin.com/in/efesurekli (last visited Mar. 20, 2023).

2

illicit access to CCC ONE, Tractable's efforts to access CCC's proprietary information, and Tractable's use of CCC ONE in connection with its agreements with third-party customers. Accordingly, Mr. Surekli and Mr. Mullan are witnesses who possess relevant knowledge of issues central to this litigation.

*Second*, this request and the specific testimony sought are predicated on multiple documents from Tractable illustrating the central role that Mr. Surekli and Mr. Mullan played in the conduct that gave rise to the claims in this litigation. Testimony of these former employees is necessary to contextualize the documents and fully understand the activities that they disclose. CCC has tailored the requested deposition testimony, as shown in the attached Schedules A and B, to topics supported by documents showing the nature and extent of Mr. Surekli's and Mr. Mullan's involvement in the conduct at issue. *See Dyson, Inc. v. SharkNinja Operating LLC*, No. 14-CV-779, 2016 WL 5720702, at *4–7 (N.D. Ill. Sept. 30, 2016) (this Court limiting the scope of the authorized deposition testimony).

*Third*, CCC's software and database (along with other proprietary information that was the target of Tractable's misconduct) were developed and maintained within the United States. In addition, Tractable used its illicit access to CCC ONE in connection with business partnerships that it formed with U.S.-based third parties. A foreign company's decision to partner with American entities means that it "should not be caught unawares" that testimony or other information could be required in U.S. litigation. *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2016 WL 3923873, at *16 (E.D. La. July 21, 2016) (finding that the fact that documents at issue originated outside the United States "deserve[d] minimal weight" because the defendant had "voluntarily entered into a commercial partnership with an American corporation"). That is especially true when, as here, "the information cannot be easily obtained through alternative

3

means," such that the foreign "origin of the information can be counterbalanced by the inability to obtain the information through an alternative means, thus favoring disclosure." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 793 (S.D.N.Y. 2012) (cleaned up); *accord Triumph Aerostructures, LLC v. Comau, Inc.*, No. 14-CV-2329-L, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015) ("Because . . . the information that [the movant] seeks cannot be easily obtained through alternative means, . . . this [third] factor does not weigh dispositively against issuing a letter of request for discovery from [the foreign third party].").

*Fourth*, Mr. Surekli and Mr. Mullan are likely in possession of information that CCC would be unable to obtain from other discovery sources. They have unique, personal knowledge of the facts and circumstances surrounding the conduct at issue in this litigation. *See Dyson*, 2016 WL 5720702, at *3 (granting in part and denying in part a motion for letters of request when there were no "alternative means of obtaining this information that would be equivalent to a live deposition of [the requested foreign witnesses]").

*Fifth*, issuing the Letters of Request would serve the interests of the United States and the United Kingdom, both of which have an interest in deterring the kind of misconduct that gave rise to the claims in this litigation and for which the target (CCC) is a U.S. entity. *See Henry Zoch II v. Daimler, A.G.*, No. 17-CV-578, 2017 WL 5177959, at *6 (E.D. Tex. Nov. 8, 2017) (finding that the United States "has a substantial interest in 'vindicating the rights of American plaintiffs' and 'adjudicating matters before its courts'" (quoting *In re Xarelto*, 2016 WL 3923873, at *18)). The comity factors therefore weigh in favor of compelling Mr. Surekli and Mr. Mullan to testify, and this Court should issue Letters of Request for their testimony in the United Kingdom.

CCC, thus, respectfully requests that this Court grant this unopposed motion and issue the attached Letters of Request authorizing depositions of Mr. Surekli and Mr. Mullan.

4

Dated: April 7, 2023                                  Respectfully submitted,


                                                */s/ Matthew W. Walch*
Mark S. Mester (Bar No. 6196140)
Matthew W. Walch (Bar No. 6226308)
Terra Reynolds (Bar No. 6278858)
Kathryn A. Running (Bar No. 6330369)
Connor Wheeler (Bar No. 6342792)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
T: +1.312.876.7700; F: +1.312.993.9767
mark.mester@lw.com
matthew.walch@lw.com
terra.reynolds@lw.com
kathryn.running@lw.com
connor.wheeler@lw.com

Adam M. Greenfield (Bar No. 6292915)
Jason Burt (*pro hac vice*)
Wilson P. Boardman (Bar No. 6343030)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: +1.202.637-2200; F: +1.202.637.2201
adam.greenfield@lw.com
jason.burt@lw.com
wilson.boardman@lw.com

Stephen D. O'Donohue (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10220
T: +1.212.906.1200; F: +1.212.751.4864
stephen.odonohue@lw.com

*Counsel for Plaintiff CCC Intelligent Solutions Inc.*

5

**CERTIFICATE OF SERVICE**

      I, Matthew W. Walch, hereby certify that on April 7, 2023, I caused the foregoing to be filed using the Court's electronic filing system, which provides service to all counsel of record.

                                            /s/ *Matthew W. Walch*
                                            Matthew W. Walch

**CERTIFICATE OF CONFERENCE**

Counsel for CCC and counsel for Tractable met and conferred in good faith pursuant to Local Rule 37.2, and the motion is therefore unopposed. The conference required by Local Rule 37.2 was conducted by telephone at 10:15 Central Time on April 5, 2023. Stephen O'Donohue participated as counsel for CCC. Julia Barrett participated as counsel for Tractable.

/s/ *Matthew W. Walch*
Matthew W. Walch