# **SCHEDULE A**

## SCHEDULE A – EFE SUREKLI

The Letter of Request to which this Schedule is attached requires Efe Surekli, former software engineer at Tractable Inc. ("Tractable"), to appear and give testimony in a deposition on the below Deposition Topics ("Topics"). The deposition will take place on May 22, 2023, at the offices of Latham & Watkins LLP, 99 Bishopsgate, London EC2M 3XF, United Kingdom, or at another location or date mutually agreed to by the parties or ordered by the Court, and will continue day to day until completed. The deposition will be conducted before a notary public or other person authorized to administer oaths and will be recorded by stenographic, audio, video, or real-time transcription, or some combination thereof.

## DEFINITIONS

1. "**CCC**" means CCC Intelligent Solutions Inc., its predecessors and successors, respective officers, directors, agents, representatives, employees, attorneys, and investigators, and others acting on CCC Intelligent Solutions Inc.'s behalf.

2. "**CCC ONE**" means the CCC ONE Appraisal Platform and CCC ONE Estimating, collectively.

3. "**CCC Product**" means any Product offered for sale, sold, imported, or under development by CCC and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all principals, officers, investors, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing. This includes but is not limited to CCC software, such as CCC ONE, as well as information, files, and data associated with CCC ONE.

4. "**Communication**" includes any form of transmitting, receiving, or exchanging information or ideas from one Person to another, such as, by way of example and not exclusion,

1

correspondence, letters, e-mail, text or SMS messages, website postings or messages, instant messages, online account information, memoranda, reports, discussions, conversation, negotiations, agreements, notes, or other forms of information or ideas exchanges, whether oral, electronic, or written.

5. "**Date**" means the exact day, month, and year if so ascertainable or, if not, the best approximation (including relationship to seasons and other events).

6. "**Document**" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001. By way of illustration, and without limitation, Documents include at least the following: originals, drafts, and all non-identical copies of memoranda, reports, notes, graphs, correspondence, interoffice Communications, letters, diaries, calendars, photographs, motion pictures, sketches, drawings, promotional materials, technical papers, printed publications, record, reports, and all other writings, whether such information is electronically stored or otherwise, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film, and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products. The foregoing specifically includes the information stores in any form, including electronic form, on a computer database or otherwise, including electronic mail.

7. "**Including**" does not limit any general category or description that precedes it and means "including without limitation" so as to be inclusive.

8. "**Independent Appraiser**" means a person who evaluates, processes, and settles automotive physical damage claims in connection with insurance policy issues and/or services by clients for vehicles located in the United States.

9. "**License(s)**" means any and all Automotive Services Independent Appraiser Master License Agreements between CCC and "JA Appraisal" or any person or persons associated with "JA Appraisal."

10. "**Product**" means any machine, manufacture, apparatus, device, system, process, service, method, software, source code, or instrumentality which is designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, imported, or under development.

11. "**Thing**" means any tangible item, including without limitation, models, prototypes, and samples of any device or apparatus or product.

12. "**Tractable**" and "**Defendant**" means Tractable and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all principals, officers, investors, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

13. "**Tractable Product**" means any Product offered for sale, sold, imported, or under development by Tractable to "[r]eview auto repair estimates, at scale, in real time" or "[p]roduce an instant estimate from photos," as set forth at https://tractable.ai/products/car-accidents/. Those Tractable Products would include (but not be limited to) Tractable's "Auto Estimator" and "Auto Review" products.

14. The conjunctions "**and**" and "**or**" may be either conjunctive or disjunctive, as required by the context, to bring within the scope of these Topics any information that might otherwise be deemed outside their scope.

15. "**Concern**," "**Concerning**," "**Reflect**," "**Reflecting**," "**Related**," "**Relating**," "**Relate(s)**," "**Refer**" or "**Referring**," and other variations thereof, as used herein, are to be

construed in their broadest possible sense, and mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical factual connection whatsoever with the subject addressed, regardless of whether the factual connection is favorable or adverse to you.

16. "**Person**" and "**Individual**" mean any natural person or any business, legal or government entity, or association—including but not limited to any proprietorship, partnership, firm, company, or corporation.

17. The singular of each word is to be construed to include its plural, and vice versa, to bring within the scope of these Topics any information that might otherwise be deemed outside their scope.

18. The present tense is to be construed to include the past tense and vice versa.

**INSTRUCTIONS**

1. You are required to testify concerning the Topics described below at the place, date, and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Convention"), and 28 U.S.C. § 1781. A Protective Order is in place in this action, a copy of which is attached hereto. The Protective Order contains provisions relating to the protection of confidential and highly confidential information.

2. The plural of any word used herein includes the singular, and the singular includes the plural. The connectives "and" and "or" are to be construed disjunctively or conjunctively as necessary to bring within the scope of the Topics all Documents and Communications that might otherwise be construed to be outside of its scope. The terms "all" and "each" are to be construed to include the other as necessary to bring within the scope of the Topics all Documents and Communications that might otherwise be construed to be outside of its scope.

3. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense. In other words, each Topic is to be interpreted in a manner that makes it inclusive rather than exclusive.

4. If any Topic is deemed to call for disclosure of confidential or proprietary information, such information may be designated as confidential or highly confidential information pursuant to the Protective Order.

5. Unless otherwise indicated, the time period for the Topics is from January 1, 2017 to the present.

**DEPOSITION TOPICS**

**DEPOSITION TOPIC 1:**

Tractable's use of the "JA Appraisal" alias to gain access to CCC ONE, including your personal role in such use.

**DEPOSITION TOPIC 2:**

Tractable's use of the "JA Appraisal" alias to gain access to estimating platforms run by third parties, including but not limited to Mitchell and Audatex, including your personal role in such use.

**DEPOSITION TOPIC 3:**

Tractable's manipulation, reverse engineering, deconstruction, reconstruction, adaptation, or any other use of any element of CCC ONE or the CCC Products—including your personal role in any or all of the foregoing.

**DEPOSITION TOPIC 4:**

Tractable's use of CCC ONE or any other CCC Product in connection with projects that Tractable performed in partnership with third parties, including but not limited to Farmers Insurance and National General Insurance, including your personal role in such use.

**DEPOSITION TOPIC 5:**

Communications with former and current Tractable employees, including but not limited to Alex Dalyac, Xing Xin, Razvan Ranca, Lisa Monzon, Carles Reina, Adrien Cohen, Aushim Krishan, James Spears, Phil Mullan, Amhed Zifzaf, and Masood "Max" Ali, concerning the development of the Tractable Products and/or the use or possible use of CCC ONE in connection with such development.

**DEPOSITION TOPIC 6:**

The authenticity, accuracy, and business records character (e.g., whether the document is a record of a regularly conducted activity) of documents and things that you authored, received, maintained, or otherwise accessed.