**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CCC INTELLIGENT SOLUTIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-07246 |
| v. | ) | |
| | ) | Hon. LaShonda A. Hunt |
| TRACTABLE INC., | ) | |
| | ) | Hon. Susan E. Cox |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 26.2 of the U.S. District Court for the Northern District of Illinois and the Protective Order governing this case, Plaintiff CCC Intelligent Solutions Inc. ("CCC") moves this Court for an order permitting the filing under seal of portions of CCC's Opposition to Tractable's Motion to Compel ("Opposition") and certain accompanying exhibits. In support of this motion, CCC states as follows:

1. On November 1, 2022, the Court entered an Agreed Protective Order ("Protective Order") to protect confidential information produced in the course of discovery. (*See* Dkt. No. 110.)

2. Pursuant to Paragraphs 5(b) and 6(b) of the Protective Order, the parties and their counsel are prohibited from disclosing or permitting the disclosure of Confidential or Highly Confidential Information to any third person or entity, with limited exceptions such as disclosures to this Court and to the parties' outside counsel of record.

1

3. Portions of CCC's Opposition and accompanying exhibits, which will be provisionally filed under seal, contain information designated as "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only" by CCC and by Tractable.

4. But as described in the following paragraphs, CCC objects to Tractable publicly accusing CCC of anticompetitive and exclusionary conduct in its motion, while hiding behind confidentiality designations to shield the depths of Tractable's own misconduct.

5. The following Exhibits have been designated **by CCC** as containing "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only" and ***should be sealed***: Ex. 18 (CCCIS_0004593); Ex. 31 (CCCIS_0005097); Ex. 32 (CCCIS_0005099); Ex. 33 (CCCIS_0006902). These documents contain nonpublic technical details regarding CCC's proprietary products and/or commercially sensitive aspects of CCC's investigation into Tractable's fraudulent scheme.

6. The following Exhibits have been designated **by Tractable** as containing "Confidential Information": Ex. 1 (TRACTABLE00026740); Ex. 8 (TRACTABLE00002780); Ex. 9 (TRACTABLE00114418); and Ex. 10 (TRACTABLE00114882). CCC has disputed the confidential designations on these documents pursuant to the procedures in Paragraph 10 of the Protective Order, but so far Tractable has refused to remove the designations. Accordingly, and solely given the requirements of the Protective Order, CCC moves to seal these exhibits as required by the Protective Order but in fact does not believe that Tractable has good cause for them to be sealed. These exhibits do not contain Tractable's commercially sensitive technical or business information, and at most would lead to embarrassment by Tractable—which alone is an insufficient basis for sealing. *See, e.g.*, *In re Aqua Dots Prods. Liab. Litig.*, No. 1-08-cv-2364,

2009 WL 1766776, at *1 (N.D. Ill. June 23, 2009); *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 301 (N.D. Ill. 1993).

7. The following additional Exhibits have been designated **by Tractable** as containing "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only": Ex. 2 (TRACTABLE00114688); Ex. 3 (TRACTABLE00115221); Ex. 5 (TRACTABLE00115714); Ex. 7 (TRACTABLE00004678); Ex. 11 (TRACTABLE00000470); Ex. 12 (TRACTABLE00000018); Ex. 13 (TRACTABLE00002334); Ex. 14 (TRACTABLE00002037); Ex. 15 (TRACTABLE00000152); Ex. 16 (Tractable's Responses and Objections to Plaintiffs' Third Set of Interrogatories); Ex. 29 (TRACTABLE00026774); and Ex. 30 (TRACTABLE00026834). Solely given the requirements of the Protective Order, CCC moves to seal these exhibits as required by the Protective Order but in fact does not believe that Tractable has good cause for them to be sealed. These exhibits do not contain Tractable's commercially sensitive technical or business information, and at most would lead to embarrassment by Tractable—which alone is an insufficient basis for sealing. *See supra* ¶ 6.

8. CCC additionally moves to seal all correspondences between counsel as containing and/or revealing information that Tractable has currently designated as "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only": Ex. 17; and Exs. 25-28. Solely given the requirements of the Protective Order, CCC moves to seal these exhibits as required by the Protective Order but in fact does not believe that Tractable has good cause for them to be sealed. These exhibits do not contain Tractable's commercially sensitive technical or business information, and at most would lead to embarrassment by Tractable—which alone is an insufficient basis for sealing. *See supra* ¶ 6.

9. If the Court grants this sealing motion in its entirety and seals the Tractable document exhibits, CCC anticipates moving—and expressly reserves the right to move—the Court for an order removing some or all of Tractable's confidentiality designations on these documents.

10. CCC will file a redacted version of its Opposition and accompanying exhibits concurrently with this Motion for Leave to File Under Seal.

11. Pursuant to Paragraph 8 of the Protective Order and Local Rule 26.2(b), CCC requests leave to file the Opposition and its accompanying exhibits under seal.

WHEREFORE, CCC respectfully requests that this Court grant this Motion for Leave to File Under Seal.

Dated: June 21, 2023      Respectfully submitted,

*/s/ Matthew W. Walch*
Mark S. Mester (Bar No. 6196140)
Matthew W. Walch (Bar No. 6226308)
Terra Reynolds (Bar No. 6278858)
Kathryn A. Running (Bar No. 6330369)
Connor Wheeler (Bar No. 6342792)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
T: +1.312.876.7700; F: +1.312.993.9767
mark.mester@lw.com
matthew.walch@lw.com
terra.reynolds@lw.com
kathryn.running@lw.com
connor.wheeler@lw.com

Adam M. Greenfield (Bar No. 6292915)
Jason Burt (*pro hac vice*)
Wilson P. Boardman (Bar No. 6343030)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: +1.202.637-2200; F: +1.202.637.2201

        adam.greenfield@lw.com
        jason.burt@lw.com
        wilson.boardman@lw.com

        Stephen D. O'Donohue (*pro hac vice*)
        LATHAM & WATKINS LLP
        1271 Avenue of the Americas
        New York, NY 10220
        T: +1.212.906.1200; F: +1.212.751.4864
        stephen.odonohue@lw.com

        *Counsel for Plaintiff CCC Intelligent Solutions Inc.*

## **CERTIFICATE OF SERVICE**

I, Matthew W. Walch, hereby certify that on June 21, 2023, I caused the foregoing to be filed using the Court's electronic filing system which provides service to all counsel of record.

/s/ *Matthew W. Walch*
Matthew W. Walch